UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:93-cr-00264-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **WILLIE DAVID BROWN,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Reconsider (#238). After screening defendant's letter and attachments, and deeming them to be a Motion to Reconsider, the court directed the government to file a Response. The government timely filed its Response (#241).

The court has closely read defendant's Motion to Reconsider alongside the supplemental PSR (#232), the government's Response, and a second letter sent to the court by defendant after the briefing Order was entered. Letter (#240). Despite defendant receiving a sentence that was below the guidelines, application of Amendment 782 has not lowered the guideline range applicable to defendant's drug trafficking offense. As the original sentence for the drug trafficking offense represented a sentence at 78% of a guidelines range of life imprisonment, Amendment 782, while lowering defendant's offense conduct level, has not lowered it enough to drop the range below an advisory guideline sentencing range of life imprisonment. Thus, applying 78% to a life imprisonment guideline again results in a sentence of 420 months as to the drug trafficking offense. While Amendment 782 does technically apply to his case, defendant realizes no real benefit as such application did not alter the advisory guideline range.

1

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Reconsider (#241) is GRANTED, and upon reconsideration, the court reaffirms its Order (#239) denying relief under Amendment 782.

Signed: March 28, 2016

Max O. Cogburn Jr
United States District Judge