UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:93-cr-00264-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **WILLIE DAVID BROWN,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Reply (#243) to the government's Response (#241) to defendant's Motion for Reconsideration (#238). As a Reply is not allowed under the court's Local Criminal Rules, the court decided the Motion to Reconsider based on the arguments in defendant's Motion and the government's Response as reflected in the court's Order (#242). The court has, however, now read and given full consideration to defendant's argument in Reply.

In his Reply, defendant contends that the government's Response does not correspond with what occurred when the government sought a received a downward departure at sentencing. Defendant contends that the sentencing court departed eight levels downward and that it would be unfair to now express that departure as a percentage. While the court understands how defendant believes this is unfair, in applying Amendment 782 the United States Sentencing Commission has developed very specific rules. Sentencing Guidelines § 1B1.10(b)(2)(B) provides that if a defendant received a downward departure based on his substantial assistance at the time of his original sentencing proceeding, this Court is authorized to grant a reduction in his sentence that is "comparably less" than the amended range. Unfortunately for defendant, his amended Guidelines

1

term is life in prison—the same term that resulted from the application of the Guidelines at the time of his original sentencing proceeding. Because his Guidelines term has not been reduced as a result of Amendment 782, he is not eligible for a sentence reduction.

Having considered defendant's Reply, the court reaffirms its earlier Order (#242) granting the Motion to Reconsider, but reaffirming its earlier Order (#239) denying relief under Amendment 782. As there is nothing more this court can do for defendant, and it appearing he is not satisfied with such result, the court will include herein advice as to appellate rights.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the court, having accepted and fully considered defendant's Reply, reaffirms its previous Orders (#239) and (#241) denying relief under Amendment 782.

**Advice of Appellate Rights**

In accordance with <u>Wilder v. Chairman of the Central Classification Bd.</u>, 926 F.2d 367, 371 (4th Cir.)("while not mandated, the preferable practice is to include a statement to all final orders involving *pro se* litigants setting forth the litigants' appellate rights"), <u>cert. denied</u>, 502 U.S. 832 (1991), defendant is hereby advised of the right to appeal this decision to the Court of Appeals of the Fourth Circuit in the manner described in Rule 3, Federal Rules of Appellate Procedure, by filing a Notice of Appeal with the Clerk of this Court within the time prescribed in Rule 4, Federal Rules of Appellate Procedure, which is **14 days** from entry of this Order. Fed.R.App.P. 4(b)(1)(A)(i). Failure to file a Notice of Appeal within the time allowed requires the filing of a

motion for extension of time within the 30-day period after such time for appeal. Fed. R. App. P. 4(b)(4). See United States ex rel. Leonard v. O'Leary, 788 F.2d 1238, 1240 (7th Cir. 1986).

Signed: April 7, 2016

Max O. Cogburn Jr
United States District Judge